## No. 9441.

### Mrs. Mary E. Fairex vs. Henry Bier.

An appeal by a married woman will not be dismissed, on objection, urged for the first time in this Court, of want of marital authorization, where the record shows that the husband attended the trial of the cause below and signed himself the bond of appeal, with the wife.   His active agency in the prosecution of the suit constitutes authorization.

The policy of the law in requiring such authorization is, not only the prevention of ill-advised litigation by or against the wife ; but also the protection of the adverse party, in order that the judgment to be rendered may bind the wife.

Whenever it appears that the litigation is sanctioned by the husband and however this be shown, the right of the wife to stand in Court for further prosecution or defense, should be recognized.

The transferree, for value, of negotiable securities not due, from the possessor and apparent owner, gets a title which cannot be defeated without proof of actual or constructive notice of the imperfect title of his transferror, amounting to *mala fides*.   The fact that such securities have attached to them interest coupons past due, does not destroy the negotiability of the bonds.

APPEAL from the Civil District Court for the Parish of Orleans.     *Tissot,* J.

---

*W. S. Benedict* for Plaintiff and Appellant.

### A. C. Lewis for Defendant and Appellee:

1. An appeal taken from a judgment, where a wife is the plaintiff will be dismissed on motion, if it appears that she was not legally authorized to prosecute the suit in the court below. The authorization of the wife must be given either by the husband or the judge before the trial of the cause *a qua*. 2 Ann. 140; 21st Ann. 576; 22 Ann. 204 and authorities therein cited.

2. An appeal will be dismissed on motion where the transcript is imperfect and incomplete and such imperfection is attributable to the fault of the appellant or her counsel.

3. Where a party sues for *specific property* alleged to be in the *possession* of *another*, the burden of proof is upon such party to show the affirmative, and failing to do so, the action must necessarily fall.

4. This being an action for specific property, and there being no prayer or claim in the alternative for the value of the property claimed, there can be no judgment other than one of dismissal or for a thing itself; there can be no monied judgment of the value of the thing.

5. Coupon bonds, of the character of those involved in this case are negotiable by the commercial usage of the civilized world, and possess all the qualities of negotiable commercial paper. Mercer County vs. Hackets, 1 Wall 95; Gelpke vs. Dubuque, Id. Ib. 175 ; Consolidated Association vs. Avigno, 28 A. 552.

6. *Possession* of negotiable bonds payable to bearer, or endorsed in blank, *carries title* with it to the holder. They pass by delivery. The purchaser is not bound to look beyond the instrument, and a purchaser of them in good faith is unaffected by the want of title in the vendor. The burden of proof on the question of such faith lies on the party who assails the possession. The law is well settled that a party who takes such negotiable paper before due, for a valuable consideration without knowledge of any defect of title, in good faith, can hold it against the world. A *suspicion* that there is a defect of title in the holder, or a knowledge of circumstances that might excite suspicion in the mind of a cautious person, or even *gross negligence* at the time, will not defect the title of the purchaser. Nothing short of actual or constructive notice that the instrument is not the property of the person who offers to sell it—that is, nothing short of *mala fides*—will defeat the right of the purchaser, and this, even where the possession is acquired by *theft*. Hotchkiss vs. Banks, 21 Wall. 384 ; Murray vs. Lardner, 2 Wall. 110 ; Goodman vs. Simonds, 20 How. 343; Railway vs. Sprague, 103 U. S. 760 ; Collins vs. Gilbert, 94 U. S. 754 ; Shaw vs. Railway Company, 101 U. S. 563 ; Consolidated Association vs. Avegno. 28 A. 552; Dale vs. Pezotti, 20 A. 264. Overdue and unpaid coupons for interest attached to bonds not matured, do not render the bonds dishonored paper nor affect the negotiability, nor the rights of a purchaser in good faith, without notice. Cromwell vs. Sac County, 95 U. S. 57 ; Railway vs. Sprague, 103 U. S. 758.

---

## On Motion to Dismiss.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The ground relied on, is that the plaintiff, who is a married woman, has brought this suit and appealed from the judgment dismissing it, without authorization, either from the husband or from the Court.

The objection to this want of authority was not pleaded *in limine*, or before trial on the merits of the case, which were put at issue by an answer. It is urged on appeal, for the first time.

The record shows that the husband of plaintiff was present in court while the trial was progressing, and that he signed the bond of appeal furnished by his wife.

The policy of the law in requiring marital, or when it is refused, or cannot be obtained, judicial authorization in suits by or against married women, is double, not only. for the prevention of ill advised litigation ; but also for the protection of the other party to the suit, who has a right to claim that the judgment to be rendered be binding on the wife.

The facts in 22 Ann. 204, are not analagous to those of the present case. The record did not show there as it does here, that the husband had attended the trial.

In a subsequent case, our immediate predecessors, reversing the first judgment therein of the previous court, by which the ruling in 22 Ann., had been made, and somewhat departing from it, held that the signing of the appeal bond by the husband as agent of his wife might not of itself suffice as his authorization, but that his active agency in the suit was proof that it was prosecuted with his approbation and assistance, and constituted authorization. Jones vs. Henry, Manning's Unrep. C. p. 65 ; O. B. 46, fol. 360.

In a more recent case, the present court held that the signature of the appeal bond by the wife's counsel, as attorney for the husband in the absence of proof of special authority to him, to that end,—was insufficient to justify the deduction of marital authorization to prosecute the appeal. The opinion strongly implies that, had the special power been shown, the appeal would have been sustained. Gibson vs. Hitchcock, 35 Ann. 1201 ; O. B. 57, fol. 815, N. R.

After a survey of all the authorities bearing on the subject, the rule may fairly be announced to be : Whenever the record shows that the litigation is sanctioned by the husband, and however this appears, the right of the wife to stand in court for further prosecution or defense should be recognized.

In the present instance the denial of marital authorization was not at all urged in the lower court, either before or after the joining of issue. Had it been that plaintiff failed to adduce proper evidence of it, the case would have presented a quite different feature.

The judgment appealed from is not one of dismissal for want of such authority. It is a judgment which passes on the issues presented on the merits of the contention.

Fairex vs. Bier.

Had the judgment been one of dismissal for want of authority and was there not in the record sufficient proof of such sanction, the objection would have presented a grave difficulty.

But it is apparent, not only that the point was not raised below, but also that the husband attended in person the trial of the case before the lower court, and sanctioned the appeal, signing with his wife the bond furnished to perfect it. Clearly then, the litigation is approved by the husband and the judgment to be rendered on the merits will conclude her.

To dismiss the appeal would serve no useful purpose.

*Interest reipublicæ ut sit finis litium.*

Motion overruled.

## ON THE MERITS.

FENNER, J. Plaintiff is one of the heirs of her father, John B. Schiller, who died in 1869, leaving a valuable estate belonging to the community subsisting between himself and his surviving wife. His succession was duly opened and Mrs. Schiller, in 1871, obtained a judgment recognizing her as owner of the undivided half of the property as widow in community and as usufructuary of the other half during her widowhood. Under this judgment of a competent court, she held and dealt with the estate until January, 1881, when this Court rendered a decree annulling and setting aside said judgment and recognizing the right of the heirs to enforce a liquidation and partition of their father's succession.

Amongst the property of Schiller were thirty consolidated bonds of the city of New Orleans for $1000 each, running to maturity.

Plaintiff, in the present suit, averring her ownership, as heir, of one-sixth of said bonds, and alleging that they are in possession of defendant and that he acquired the same in 1878 from Mrs. Schiller, well knowing that they belonged to the succession of J. B. Schiller, and that Mrs. Schiller was without right to dispose of petitioner's interest therein, prays for judgment recognizing her ownership and ordering defendant to restore to her the said bonds to the extent of her said interest.

It might be sufficient answer to the action, in its present form, to say that the evidence shows that the bonds were not in the possession of defendant, but had been disposed of long prior to the institution of this suit.

But, aside from this, the bonds were negotiable and not due, and were passed to Bier upon a valuable consideration by the holder and

State ex rel. Sterken vs. Judge.

apparent owner, and, unless plaintiff can show that Bier was in bad faith and took the bonds with knowledge of his transferror's defective title, she cannot maintain her action. No principle is more firmly imbedded in jurisprudence. Murray vs. Lardner, 2 Wall. 110; Hotchkiss vs. Banks, 21 Id. 354; Collins vs. Gilbert, 94 U. S. 754; Shaw vs. Railroad Co., 101 U. S. 563; Cromwell vs. Sac. Co., 95 U. S. 57; Railway Co. vs. Sprague, 103 U. S. 758.

These cases emphatically hold that nothing less than actual or constructive notice of defective title, amounting to *mala fides*, can defeat the transferee for value.

Plaintiff relies upon two circumstances, as destroying the application of the foregoing principles in this case:

1st. That the bonds, though not themselves matured, had attached to them certain interest coupons which were past due and not paid, which, it is claimed, should operate constructive notice and destroy their negotiability. The proposition has no force in reason and has been pointedly ruled in an adverse sense very recently. Railway Co. vs. Sprague, 103 U. S. 756.

2d. It was charged that defendant knew that Mrs. Schiller held these bonds in her capacity as representative of the succession of Schiller. We have closely studied the evidence and it convinces us, as it did the judge *a quo*, that no such knowledge is brought home to him.

The case of Stern Bros. vs. Bank, 34 Ann. 1119, and those cited from 31 Ann. 215, 32 Ann. 1250, 21 Wall. 143, 96 U. S. 193, 97 U. S. 371, and 99 U. S. 434, relied on by plaintiff, have received our careful attention, but we find them inapplicable to this case.

Judgment affirmed.